UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NSixty, LLC. | ) | Case No. 1:17-cv-334 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| a2z, Inc., | ) | |
| | ) | Jury Trial Demanded |
| and | ) | |
| | ) | |
| Pixe LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## Complaint

For its complaint against defendants a2z, Inc. ("a2z") and Pixe LLC ("Pixe"), plaintiff NSixty, LLC, ("NSixty") states:

## Summary of Case

1.      This is an action for damages and injunctive relief to remedy the infringement by a2z and Pixe (collectively, "Defendants") of U.S. Patent No. 8,619,115 ("the '115 patent") and U.S. Patent 9,313,456 ("the '456 patents") (collectively, "the NSixty patents").

2.      The NSixty patents are directed to unique video communication systems, including digital kiosks for recording messages that can be accessed through the web.

## The Parties

3.      NSixty is an Ohio corporation with a principal place of business in Ohio.

4.      a2z is a Maryland corporation with a principal place of business in Maryland

5.      Pixe is a Maryland corporation with a principal place of business in Maryland.

6.      An individual named Rajiv Jain runs Pixe, and he is the Chief Executive Officer of a2z.

7.      Upon information and belief, a2z and Pixe are affiliated businesses that Mr. Jain owns.

**Jurisdiction and Venue**

8.      This Court has subject matter jurisdiction over NSixty's patent infringement claims under 28 U.S.C. § 1331 and § 1338 because they arise under federal law.

9.      This Court has personal jurisdiction over each of the Defendants on various grounds, including (without limitation) because each has offered to sell and, upon information and belief, has actually sold goods or services infringing the NSixty patents in Ohio; each, upon information and belief, has transacted business in Ohio; each has caused tortious harm to NSixty in Ohio resulting from its infringing activities; and, upon information and belief, each has regularly solicited business in Ohio, engaged in a persistent course of conducting business in Ohio, and derived substantial revenue from goods sold in Ohio.

10.      Venue is proper under 28 U.S.C. § 1391 because each of the Defendants is subject to personal jurisdiction in this district and, therefore, "resides" in the Southern District of Ohio according to federal law.

## Relevant Facts

### I.  The Patents

11.     The '115 patent issued on December 31, 2013.

12.     The '456 patent issued on April 12, 2016.

13.     NSixty is the exclusive owner of the '115 and '456 patents.

### II.  Defendants' Infringement of the NSixty Patents

14.     a2z is making, importing, using, selling, and/or offering to sell kiosks in the United States that are covered by one or more claims of each of the NSixty Patents, including, without limitation, the ChirpE Photo Booth.

15.     Pixe is making, importing, using, selling, and/or offering to sell kiosks in the United States that are covered by one or more claims of each of the NSixty Patents, including, without limitation, the Pixe Encore and Pixe Wall (collectively, the "Pixe Products").

16.     Among its various methods of marketing the ChirpE Photo Booth, A2z advertises nationwide, including in Ohio, on its website at a2zinc.net and on YouTube (*see* https://www.youtube.com/watch?v=FJrJUjyHo9E). a2z offers to provide the ChirpE Photo Booth for setup by customers anywhere in the U.S., including in Ohio.

17.     Among its various methods of marketing the Pixe Products, Pixe advertises nationwide, including in Ohio, on its website at pixesocial.com and on social media sites, including Facebook and Twitter. Pixe offers to provide the Pixe Products for setup by customers anywhere in the U.S., including in Ohio.

## Count One
### *Patent Infringement against a2z*

18.     NSixty incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

19.     The ChirpE Photo Booth is covered by one or more claims of each of the NSixty patents.

20.     a2z has directly infringed, and continues to directly infringe, the nSixty patents by selling, offering to sell, using, making and/or importing the ChirpE Photo Booth in the United States.

21.     The ChirpE Photo Booth's only commercial use is as a digital communication kiosk.

22.     Any use of the ChirpE Photo Booth as a digital communication kiosk is an act of direct infringement of each of the NSixty patents.

23.     Because the sole intended use of the ChirpE Photo Booth is an infringing use, it has no substantial non-infringing uses.

24.     a2z has induced infringement of the NSixty patents because, with knowledge of each of the NSixty patents, it intentionally and actively induced end users of the ChirpE Photo Booth to use it in a manner that infringes the NSixty patents with specific intent that they do so.

25.     a2z has contributed to infringement of the NSixty patents by selling the ChirpE Photo Booth, which has no substantial use other than an infringing use as a digital communication kiosk.

26.     a2z's infringements of the NSixty patents were, and continue to be, willful and deliberate.

27.     NSixty has been damaged by a2z's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

<u>**Count Two**</u>
*Patent Infringement against Pixe*

28.     NSixty incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

29.     The Pixe Products are each covered by one or more claims of each of the NSixty patents.

30.     Pixe has directly infringed, and continues to directly infringe, the NSixty patents by selling, offering to sell, using, making and/or importing the Pixe Products in the United States.

31.     Each of the Pixe Products' only commercial use is as a digital communication kiosk.

32.     Any use of either of the Pixe Products as a digital communication kiosk is an act of direct infringement of each of the NSixty patents.

33.     Because the sole intended use of each of the Pixe Products is an infringing use, neither has any substantial non-infringing uses.

34.     Pixe has induced infringement of the NSixty patents because, with knowledge of each of the NSixty patents, it intentionally and actively induced end users of the each of the Pixe Products to use them in a manner that infringes the NSixty patents with specific intent that they do so.

35.     Pixe has contributed to infringement of the NSixty patents by selling the Pixe Products, which have no substantial use other than an infringing use as a digital communication kiosk.

36.     Pixe's infringements of the NSixty patents were, and continue to be, willful and deliberate.

37.     NSixty has been damaged by Pixe's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

### Prayer for Relief

WHEREFORE, NSixty prays for judgment against Defendants as follows:

(A)     A finding that Defendants have directly infringed one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(a).

(B)     A finding that Defendants have induced infringement of one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(b).

(C)     A finding that Defendants have contributed to the infringement of one or more claims of the '115 patent and one or more claims of the '456 patent under 35 U.S.C. § 271(c).

(D)     Preliminary and permanent injunctive relief enjoining the Defendants and their officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by the NSixty patents; or (2) otherwise directly or indirectly infringing the NSixty patents.

(E)     Compensatory damages under 35 U.S.C. § 284.

(F)     Treble damages under 35 U.S.C. § 284.

(G)     An order that Defendants account to NSixty for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to NSixty under 35 U.S.C. § 284.

(H)     Attorneys' fees under 35 U.S.C. § 285.

(I)      Pre-judgment and post-judgment interest.

(J)      Costs of the action.

(K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.


Dated: May 15, 2017

        s/ David B. Cupar
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for NSixty, LLC*

## **Jury Demand**

Plaintiff NSixty, LLC hereby demands a jury trial for all issues so triable.

 s/ David B. Cupar  
*Counsel for NSixty, LLC*
